(December 10, 1985)

■ STUART GOLDSTEIN, Appellant, v ROSE MOKRY, Respondent.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 29, 1984, denying plaintiff-appellant's motion to punish defendant-respondent for contempt, without prejudice to plaintiff's right to enforce a judgment in his favor signed by Justice Charles Swartwood on June 2, 1983, unanimously reversed, on the law, without costs or disbursements, the motion granted and the matter remanded for hearing to determine the penalty to be imposed.

Justice Swartwood's judgment awarded damages of $5,400 to plaintiff, a New York City police officer. It found that defendant had libeled him and also violated Civil Rights Law § 40-c by disseminating a document alleging, in anti-Semitic tones, plaintiff's mistreatment of her in the course of an arrest. The judgment enjoined the issuance by defendant of any further statements that she had been mistreated by plaintiff. Four months after the judgment with notice of entry had been served on her, defendant again distributed some anti-Semitic pamphlets, this time appending to them defendant's version of the events leading up to the Swartwood judgment and a copy of the judgment itself with its specific references to the statements giving rise to plaintiff's action.

We find that Special Term erred in refusing to grant plaintiff's motion to hold defendant in contempt. It was empowered to punish for a civil contempt (Judiciary Law § 753 [A] [3]). The Swartwood judgment was properly served (see, CPLR 5104). The further requirements to support a finding of civil contempt (see, Matter of McCormick v Axelrod, 59 NY2d 574, 583) were satisfied: the Swartwood judgment expressed a clear mandate; it was in effect; defendant had knowledge of it; it was disobeyed; and plaintiff's rights as the prevailing party in the litigation were prejudiced since the judgment was a design against such further harassment.

Defendant claims she only published a public document—the Swartwood judgment with its underlying pleadings. She conveniently overlooks the disseminated appendix and its references to her supposed mistreatment by "Jew Goldstein". This was clearly forbidden. Concur—Murphy, P. J., Kupferman, Ross, Carro and Lynch, JJ.